IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LESTER G. DALLAS, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV203-177
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff contends that the Administrative Law Judge ("ALJ") and the Magistrate Judge overlooked significant medical evidence contained in the record. Plaintiff asserts that the ALJ failed to give Dr. Philip McAllister's objective findings proper consideration. Plaintiff also asserts that the ALJ did not have a sufficient basis to find that Plaintiff's testimony and allegations of pain were imaginary or untruthful. Plaintiff further asserts that this error led to the ALJ's failure to ask about the effects of Plaintiff's medication in the hypothetical questions presented to the vocational expert.

The Eleventh Circuit recently held that "to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively

determined medical condition can reasonably be expected to give rise to the claimed pain." Williams v. Barnhart, 2005 WL 1943186, at *2 (11th Cir. Aug. 15, 2005) (internal citation omitted). "After considering a claimant's complaints of pain, the ALJ may reject them as not [credible.]" Id. "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for this decision." Id. As noted by the Magistrate Judge, ALJ Bergstrom did not find Plaintiff's subjective complaints of pain wholly credible, as these complaints were not consistent with the objective medical evidence of record. (Doc. No. 16, p. 10.) In addition, ALJ Bergstrom noted that Plaintiff's movement was not as limited upon examination as he claimed. ALJ Bergstrom also noted that Plaintiff's allegations of disabling pain and symptoms were not consistent with the medical evidence of record based on the objective medical evidence, Plaintiff's testimony, and Exhibit 8E. (Tr. at 15.) Exhibit 8E is a letter sent to Plaintiff by the Social Security Administration for Plaintiff to complete and return to the Social Security Administration. In this document, Plaintiff stated, *inter alia*, that he could shop for groceries, work in the yard using a riding lawnmower, attend church, and visit relatives. (Tr. at 99-100.) Furthermore, the ALJ indicated that he considered Plaintiff's allegations of pain in light of Social Security Ruling ("SSR") 96-7p[1] in assessing Plaintiff's credibility. ALJ Bergstrom gave proper and sufficient reasons for discrediting Plaintiff's allegations of pain. See Johnson v. Barnhart, 2005 WL 1523499 (11th Cir. June 29, 2005).

---

[1] Social Security Regulations "require the ALJ to consider": a claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; factors that aggravate symptoms; the type, dosage, and side effects of any medication taken to relieve the symptoms; any other treatment or measures used to relieve symptoms; and any other factors. Johnson v. Barnhart, 2005 WL 1523499, at *3 (11th Cir. June 29, 2005) (citing SSR 96-7p).

AO 72A
(Rev. 8/82)

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 24TH day of August, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

W. Adams
K. Etheridge

CASE NO: CV203-177
DATE SERVED: 8/25/05
SERVED BY: slt

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate